UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Anthony Stephens, #2017121276, ) <br> aka Corey A. Stephens, ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> Sheriff Sandra Rhodes, Head Nurse Beth Lawson, ) <br> Defendants. ) <br> _____ ) <br> ) | C/A No. 4:24-240-JD-TER <br><br> ORDER |

    Plaintiff is a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Plaintiff is attempting to sue on behalf of deceased Crystal D. Page and/or her estate for her alleged wrongful death while she was a detainee.

**PAYMENT OF FILING FEE**
    Plaintiff has submitted a filing which can be construed as a Motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* is **granted**, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit. *See Flint v. Haynes*, 651 F.2d 970, 972-74 (4th Cir. 1981). (ECF No. 2).

**TO PLAINTIFF**:
    Plaintiff attempts to sue in his own name and not "on behalf of". (ECF No. 1). Plaintiff does not allege that he has been named as Ms. Page's estate's personal representative or administrator of her estate. Plaintiff's alleged common law marriage does not provide standing. *See Stone v. Thompson*, 833 S.E.2d 266, 270 (S.C. 2019)(The Supreme Court of South Carolina abolished common law marriage as of April 2019). Plaintiff has not alleged facts to show standing to bring this claim. *See Gregory v. R.J. Reynolds Tobacco Co., Inc.*, No. 7:20-CV-04257-TLW-JDA, 2021 WL 5827290, at *4 (D.S.C. Mar. 26, 2021), *report and recommendation adopted*, 2021 WL 5480905 (D.S.C. Nov. 23, 2021).

    Even if the marriage was legally recognized and even if Plaintiff was the administrator of the estate, **an estate can not be represented *pro se*,** except in the very limited circumstance, inapplicable here, of being the sole beneficiary of the entire estate. Courts have recognized that "the personal representative of an estate cannot represent the estate *pro se* if there are other beneficiaries or creditors involved." *Witherspoon v. Jeffords Agency, Inc.*, 88 Fed. Appx. 659, 659 (4th Cir. 2004). In a case where a *pro se* plaintiff was the administrator, a wrongful death action could not be pursued *pro se* and plaintiff there was given time to obtain counsel. *Chapman v. Wal-Mart Stores E., LP*, 2018 WL 2144489, at *2 (E.D. Va. May 9, 2018). **Plaintiff is given 45 days to secure an attorney for the estate of Ms. Page, if Plaintiff desires to continue to pursue wrongful death claims. Counsel should file an notice of appearance within 45 days of the date of this order, and within 20 days of the filing of that notice, counsel shall file an amended complaint. If**

**Plaintiff fails to comply with this Order within the time allowed, the Court will dismiss this action without prejudice.**

Plaintiffs must place the civil action number listed above on any document provided to the court pursuant to this Order. **Any future filings by Plaintiff in this case must be sent to the address below: (Post Office Box 2317, Florence, South Carolina 29503).** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants, such as Plaintiff, shall not use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Plaintiffs are a *pro se* litigants. Attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised in writing (**Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. **If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket numbers of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

**TO THE CLERK OF COURT**:
The Clerk shall mail a copy of this Order to Plaintiff. If Plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this Order, the Office of the Clerk of Court shall forward the file to the assigned United States District Judge to determine if the case should be dismissed. *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007). If, however, Plaintiff provides this Court with the items specified above, the Clerk of Court should forward the file to the assigned Magistrate Judge to determine if service of process should be authorized. The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III
January 31, 2024                                       Thomas E. Rogers, III
Florence, South Carolina                         United States Magistrate Judge