IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Anthony Stephens, #2017121276, aka Corey A. Stephens, | ) ) | Case No.: 4:24-cv-0240-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Sheriff Sandra Rhodes, Head Nurse Beth Lawson, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Corey Anthony Stephens, #2017121276, aka Corey A. Stephens ("Plaintiff") is a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Plaintiff is attempting to sue on behalf of deceased Crystal D. Page and/or her estate for her alleged wrongful death while she was a detainee.  On January 31, 2024, the court ordered the following:

> Plaintiff attempts to sue in his own name and not "on behalf of". (ECF No. 1). Plaintiff does not allege that he has been named as Ms. Page's estate's personal representative or administrator of her estate. Plaintiff's alleged common law marriage does not provide standing. *See Stone v. Thompson*, 833 S.E.2d 266, 270 (S.C. 2019)(The Supreme Court of South Carolina abolished common law marriage as of April 2019). Plaintiff has not alleged facts to show standing to bring this claim. *See Gregory v. R.J. Reynolds Tobacco Co., Inc*., No. 7:20-CV-04257-TLW-JDA, 2021 WL 5827290, at *4 (D.S.C. Mar. 26, 2021), *report and recommendation adopted*, 2021 WL 5480905 (D.S.C. Nov. 23, 2021).

> Even if the marriage was legally recognized and even if Plaintiff was the administrator of the estate, **an estate can not be represented *pro se*,** except in the very limited circumstance, inapplicable here, of being the sole beneficiary of the entire estate. Courts have recognized that "the personal representative of an estate cannot represent the estate *pro se* if there are other beneficiaries or creditors involved." *Witherspoon v. Jeffords Agency, Inc.*, 88 Fed. Appx. 659, 659 (4th Cir. 2004). In a case where a *pro se* plaintiff was the administrator, a wrongful death action could not be pursued *pro se* and plaintiff there was given time to obtain counsel. *Chapman v. Wal-Mart Stores E., LP*, 2018 WL 2144489, at *2 (E.D. Va. May 9, 2018). **Plaintiff is given 45 days to secure an attorney for the estate of Ms. Page, if Plaintiff desires to continue to pursue wrongful death claims. Counsel should file an notice of appearance within 45 days of the date of this order, and within 20 days of the filing of that notice, counsel shall file an**

1

**amended complaint. If Plaintiff fails to comply with this Order within the time allowed, the Court will dismiss this action without prejudice.**

(DE 7)(emphasis in the original).  This case is before the Court due to Plaintiff's failure to comply with the above described magistrate judge's order dated January 31, 2024. (DE 7).

The Order was mailed to the address provided by the Plaintiff. It is presumed that Plaintiff received the Order through the address, which did not return undeliverable, and Plaintiff has neglected to comply with the Order within the time permitted under the Order.  The Court has not received a response from Plaintiff, and the time for compliance has passed.

"The court has inherent power to manage its docket in the interests of justice." Luberda v. Purdue Frederick Corp., No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013).  It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. See Fed. R. Civ. P. 41(b).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962).

Plaintiff has failed to respond to the Order within the time ordered.  Plaintiff's lack of response indicates an intent to not prosecute this case and subjects this case to dismissal.  See Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

Accordingly, this case is dismissed with prejudice as to Plaintiff in a *pro se* capacity. The Clerk of Court shall close the file.

2

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 28, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days

from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.